**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

WEBB OPERATING CO.,

       Plaintiff,

v.                                                                    CASE NO. 12-12149

ZURICH AMERICAN INS. CO.,

                          HON. MARIANNE O. BATTANI

       Defendant.

_____/

**OPINION AND ORDER GRANTING DEFENDANT**
**ZURICH AMERICAN INS. CO.'S MOTION TO DISMISS**

       This matter is before the Court on Defendant Zurich American Insurance Company's Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) or, Alternatively, For Summary Judgment Pursuant to Fed. R. Civ. P. 56(a) (Doc. 5). The Court heard oral argument on August 2, 2012, and at the conclusion of the hearing, took this matter under advisement. For the reasons that follow, the Court **GRANTS** Zurich's motion.

**I.      STATEMENT OF FACTS**

       Plaintiff Webb Operating Company ("Webb") operates a gas station in Highland Park, Michigan. Plaintiff purchased a "Storage Tank System Third Party Liability and Cleanup Policy" from Defendant Zurich American Insurance Company ("Zurich") in 2002 and renewed the policy every year since. (Doc. 10). The insurance policy covers clean-up costs resulting from a leak or "release" of fuel from the underground storage tanks ("UST").

In June of 2006, a UST inspection revealed flaking in or around one of the four USTs in Webb's gas station.  This flaking led to a "release" and environmental contamination requiring remedial action in accordance with the Michigan Department of Environmental Quality ("MDEQ") rules and regulations.   The failing UST was "closed" by empting and sealing it to prevent any further contamination, and Huron Consultants ("Huron") cleaned the contaminated areas at a substantial cost.

In October of 2009, Webb filed a claim with Zurich under the 2006 Policy and, alternatively, under the 2010 Policy for coverage of the costs it had incurred in cleaning up the contaminated areas discovered in June 2006.  Zurich denied Webb's claim on March 2, 2010, because Webb failed to timely report the claim under the terms of Webb's current clean-up policy.

In September 2010, three of the four USTs were removed from Plaintiff's gas station.  (Doc. 7 Ex. A). Thereafter, an inspection revealed further contaminated areas, which Webb reported to MDEQ in October 2010.  Again, MDEQ's rules and regulations required remedial action, and Huron performed the remediation of the wells from which the USTs had been.

On December 14, 2010, Webb filed a lawsuit against Zurich in Wayne County Circuit Court, which Zurich removed to the Eastern District of Michigan, for coverage of the clean-up costs associated with the June 2006 contamination (the "2010 Action").

The 2010 Action ended July 8, 2011, after the Court awarded summary judgment to the defendant because the claim for coverage of the 2006 contamination was untimely.  (See Doc. 5, Ex. E).  The Sixth Circuit affirmed the decision on July 18, 2012. (Doc. 10).

Several months before Webb filed the 2010 Action, it filed a claim with Zurich under the 2010 Policy for coverage of the costs it had incurred in cleaning up the contaminated well areas.  On February 1, 2011, Zurich denied Webb's claim, asserting that the clean-up costs related to the September 2010 UST removal were part of the June 2006 release, and any claims under the 2006 Policy for the June 2006 release were untimely. (Doc. 7 Ex. D).

On January 24, 2012, Webb filed the instant lawsuit against Zurich, seeking coverage of the clean-up costs associated with the September 2010 UST removal (the "2012 Action").  (Doc. 1).  Zurich argues that the 2012 Action is barred by the doctrine of res judicata, and therefore, this case must be dismissed.

## II.    STANDARD OF REVIEW

### A.    Rule 12(b)(6)

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the ground upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  A complaint need not contain detailed factual allegations, but it must include more than labels and conclusions.  Twombly, 550 U.S. at 555; Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  A court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.  The

Court must accept the well-pleaded factual allegations as true.   Hensley Mfg. v. ProPride, Inc., 579 F.3d 603 (6th Cir. 2009) (citing Twombly, 550 U.S. at 555). Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully."   Id. (quoting Twombly, 550 U.S. at 556).   "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not 'show[n],' that the pleader is entitled to relief."   Iqbal, 129 S. Ct. at 1950 (quoting F.R. Civ. P. 8(a)(2)).

**B.    Rule 56**

Summary judgment is appropriate only when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."   Fed. R. Civ. Pro. 56(a).   The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."   Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52, (1986).   Rule 56 mandates summary judgment against a party who fails to establish the existence of an element essential to the party's case and on which that party bears the burden of proof at trial.   Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact.   Celotex, 477 U.S. at 323.   Once the moving party meets this burden, the non-movant must come forward with specific facts showing that there is a genuine issue for trial.   Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).   In evaluating a motion for summary judgment, the evidence must be viewed in the light most favorable to the non-moving party.   Adickes v. S.H. Kress &

Co., 398 U.S. 144, 157 (1970).  The Court "must lend credence" to the non-moving party's interpretation of the disputed facts.  Marvin v. City of Taylor, 509 F.3d 234, 238 (6th Cir. 2007) (citing Scott v. Harris, 127 S. Ct. 1769, 1775 (2007)).  The non-moving party may not rest upon its mere allegations, but rather must set out specific facts showing a genuine issue for trial.  See, Fed. R. Civ. P. 56(c)(1).  The mere existence of a scintilla of evidence in support of the non-moving party's position will not suffice.  Rather, there must be evidence on which the jury could reasonably find for the non-moving party.  Hopson v. Daimler Chrysler Corp., 306 F.3d 427, 432 (6th Cir. 2002).

## III.    ANALYSIS

The preclusive effect of a federal court judgment in a diversity case is determined by federal common law.  Taylor v. Sturgell, 553 U.S. 880, 891 n. 4 2008) (citing Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 508 (2001).   It incorporates the rules of preclusion applied by the State in which the rendering court sits.  Id.  Accordingly, the preclusive effect of a judgment of a federal court sitting in diversity in Michigan is determined with reference to Michigan rules of claim preclusion.

Under Michigan law, res judicata "bars a subsequent action when (1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been resolved in the first."  ANR Pipeline Co. v. Dep't of Treasury, 699 N.W.2d 707, 720 (Mich. Ct. App. 2005) (citing Adair v. Michigan, 680 N.W.2d 386, 396 (Mich. 2004)).

In considering the third element of res judicata under Michigan law, the Sixth Circuit observed that:

> Res judicata bars not only claims already litigated, but also every claim
> arising from the same transaction that the parties, exercising reasonable

5

diligence, could have raised but did not.  Whether a factual grouping constitutes a transaction for purposes of res judicata is to be determined pragmatically, by considering whether the facts are related in time, space, origin or motivation, [and] whether they form a convenient trial unit.

Buck v. Thomas M. Cooley Law Sch., 597 F.3d 812, 817 (6th Cir. 2010).  The Buck court expressly recognized that "under Michigan law, a plaintiff has a duty to supplement her complaint with related factual allegations that develop during the pendency of her state suit or have them barred by res judicata."  Id. (citing Adair v. State, 680 N.W.2d 386, 398 (Mich. 2004) (internal quotations omitted)); Dubuc v. Green Oak Twp., 312 F.3d 736 (6th Cir. 2002).  It further noted that "[t]he Michigan Court Rules allow a party to supplement a complaint with facts that were not available to it at the onset of the litigation."  Id. (citing Mich. Ct. R. 2.118(E)).  Accord Elder v. Harrison Twp., 786 F. Supp. 2d 1314, 1326 (E.D. Mich. 2011) (observing that causes of action that did not exist at the time plaintiffs filed their complaint could be subject to dismissal on res judicata grounds if they did not amend their complaint to include new claims that arose out related factual developments); O'Leary v. Charter Twp. of Flint, No. 09-13075, 2010 WL 2870400 (E.D. Mich. July 21, 2010) (noting that "Michigan [preclusion law] imposes a duty upon plaintiffs to supplement their complaints with allegations developing during the pendency of the action.").

The only res judicata element in dispute here is whether the claim in this 2012 Action could have been resolved in the 2010 Action.  The 2010 Action is based on Zurich's March 3, 2010, denial of Webb's October 2009 claim.  The 2012 Action is based on Zurich's February 1, 2011, denial of Webb's September 2010 claim.

Although Webb's claim relating to the February 1, 2011 denial did not exist at the time Webb filed the 2010 Action, it accrued a mere six weeks after Webb filed the 2010

6

Action.   Consequently, the Court considers whether Webb should have amended its complaint to include that claim.

The Court notes the facts and circumstances of the 2012 Action undeniably relate to those of the 2010 Action.  Each lawsuit involves the same location, the same USTs, the same insurance policy, and the same coverage issue.  The 2010 Action relates to the clean-up costs arising out of a release of petroleum contaminants discovered in June 2006, and Zurich's denial of coverage.  The 2012 Action relates to contamination discovered or rediscovered during removal of the USTs, Webb's clean-up costs, and Zurich's denial of the second claim.  Both actions concern coverage for the clean-up costs under the 2010 Policy, relate to the same "claim" as that term is defined in the 2010 Policy, and relate to a single body of contamination that was first discovered in June 2006 and remained in existence at the time Webb removed the tanks in 2009. The Court concludes that this "factual grouping" forms a "convenient trial unit" for res judicata purposes. <u>Buck</u>, 597 F.3d at 817.

Consequently, the Court must decide whether the 2012 Action is precluded by Webb's failure to amend its complaint in the 2010 Action.  The Sixth Circuit clearly holds that Michigan law imposes a duty upon a plaintiff to amend its complaint to include new claims that arise out of factual developments related to the underlying complaint.  <u>See</u> <u>Buck</u>, 597 F.3d at 817.  This Court's duty to apply that analysis is not undermined by unpublished state appellate decisions using the doctrine to bar only those claims that were in existence at the time a complaint is filed. <u>See</u> <u>Schenden v. Addison Township</u>, 2004 W.L. 1908231, *4 (holding that "[i]f a second claim has not ripened when the first claim is filed, res judicata does not bar the second claim."); <u>United Industrial</u>

Engineering Corp. v. Fluty, 2006 W.L. 2683318, *3 "(res judicata will not bar a claim if that claim was not ripe at the time the initial complaint was filed."); Dietrich v. Stephens, 2008 WL 2389502, *2 ("res judicata does not bar claims that are not yet ripe at the time a complaint is filed."). Here, Plaintiff had a duty to supplement its complaint to advance the new claim.

## IV.    CONCLUSION

The Court finds that the 2010 Action precludes the 2012 Action. Accordingly, the Court **GRANTS** Defendant's request for summary judgment (Doc. 30).

**IT IS SO ORDERED.**

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

DATE: August 31, 2012

## CERTIFICATE OF SERVICE

Copies of this Opinion and Order were served upon counsel of record on this date by ordinary mail and/or electronic filing.

s/Bernadette M. Thebolt
Case Manager

8